991 So.2d 458 (2008)
In re Gideon STANTON, III.
No. 2008-B-1472.
Supreme Court of Louisiana.
October 3, 2008.

*459 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Gideon Stanton, III, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.

UNDERLYING FACTS
In February 2000, Henry and Rennette Golden retained respondent to represent them in a personal injury matter arising out of an automobile accident which occurred on September 3, 1999. Respondent timely filed suit on behalf of his clients on September 5, 2000.[1] The petition was served upon the defendants and an answer was filed. Thereafter, respondent took little or no action in the matter and failed to respond to repeated requests from the Goldens for information about their case. In July 2003, the Goldens filed a complaint against respondent with the ODC.

DISCIPLINARY PROCEEDINGS
In 2005, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Golden matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client) and 1.4 (failure to communicate with a client) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were *460 given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). Specifically, the committee found that respondent failed to promptly respond to his clients' letters, phone calls, and messages about their case, and failed to keep them apprised of the progress of their lawsuit. The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee found that respondent knowingly and intentionally violated a duty owed to his clients and the profession. He caused actual injury to his clients, whose desire was to litigate their case. The baseline sanction for respondent's misconduct is a suspension from the practice of law.
The committee found no mitigating factors are present in this matter. The committee determined the following aggravating factors are present: bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law (admitted 1970).
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a two-year period of supervised probation governed by the following conditions:
1. Respondent shall attend the Louisiana State Bar Association's Ethics School within twelve months of the finality of the court's order imposing discipline;
2. Respondent shall meet with his probation monitor not less than quarterly to review his files for proper communication efforts with clients and to ensure that he has an appropriate calendaring and tickler system within his office to allow for diligence in the handling of clients' cases; and
3. Respondent shall refrain from any further violations of the Rules of Professional Conduct.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing the record of this matter, the disciplinary board found the hearing committee's factual findings are not manifestly erroneous and adopted same. The board determined that respondent violated the Rules of Professional Conduct as charged in the formal charges. The baseline sanction for this misconduct is suspension.
The board found that respondent violated duties owed to his clients and to the profession. His conduct was knowing. He failed to maintain proper communication with his clients and he failed to diligently pursue the lawsuit he filed on their behalf. This misconduct caused harm to respondent's clients in the form of a significant delay in the progress of their cause of action.
The board determined that the record supports the aggravating factors of bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law. In mitigation, the board noted that respondent has no prior disciplinary record.
*461 Turning to the issue of an appropriate sanction, the board agreed with the hearing committee that a fully-deferred six month suspension is appropriate in this matter in light of In re: Regan, 04-1365 (La.10/15/04), 885 So.2d 514, which is also "a simple lack of communication/diligence case" in which the respondent was suspended for six months, fully deferred. However, the board found that the two-year period of supervised probation recommended by the committee is too lengthy under the particular circumstances of this case. The ODC conceded that this was an isolated incidence of misconduct on respondent's part, and respondent has no prior history of misconduct. Therefore, the board felt that a one-year period of probation should be sufficient to ensure that respondent is communicating with his clients and has the resources in place to aid him with his calendar system.
Accordingly, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a one-year period of supervised probation governed by the conditions recommended by the hearing committee. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this case support a finding that respondent neglected the Goldens' personal injury matter and failed to communicate with them. In acting as he did, respondent violated Rules 1.3 and 1.4 of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
*462 Respondent violated duties owed to his clients and as a professional. He acted knowingly, and his misconduct caused harm to his clients. The baseline sanction for this type of misconduct is a period of suspension.
The aggravating factors present are bad faith obstruction of the disciplinary proceeding, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law. The record supports the following mitigating factors: absence of a prior disciplinary record and absence of a dishonest or selfish motive.
Under similar facts, we have previously imposed suspensions ranging from six months to one year and one day, which may be fully or partially deferred. The sanction recommended in this case is within this range, albeit on the lower end, but is appropriate considering the mitigating factors present, in particular that respondent has no prior disciplinary record in nearly forty years of practice. Accordingly, we will accept the recommendation and impose a fully deferred six-month suspension with probation.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Gideon Stanton, III, Louisiana Bar Roll number 12403, be and he hereby is suspended from the practice of law for a period of six months. It is further ordered that this suspension shall be deferred in its entirety, and respondent shall be placed on supervised probation for a period of one year, subject to the conditions set forth by the hearing committee. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
VICTORY, J., dissents.
NOTES
[1] The one-year anniversary of the accident fell on Sunday, September 3, 2000, and the following day, Monday, September 4, 2000, was Labor Day, which is a legal holiday.